Labar *v.* Taber.

——————— • • • ———————

## Labar *vs.* Taber.

The defendant being a common carrier of goods, by canal, between Ithaca and New York, the plaintiff shipped four firkins and one tub of butter, upon the defendant's boat, at Ithaca, for New York. The plaintiff directed the captain of the boat to " sell the butter," when he arrived in New York. On reaching the dock at New York, the captain gave up the charge of the boat to the defendant, and the butter was taken out of the hold and put upon the deck of the boat. During the day the captain sold two firkins and one tub of the butter, and the residue (two firkins) were stolen from the deck that afternoon or evening, while the boat was in the charge of a person placed there by the defendant. *Held* that the defendant's responsibility as a common carrier had ceased when the butter was stolen. That when the consignee left the two firkins on the deck of the boat, without directing what should be done with them, the defendant ceased to be answerable, except as a warehouseman.

THIS action was brought in a justice's court, where the plaintiff recovered a judgment for $41.40 damages, besides costs. The Tompkins county court reversed the judgment, and the plaintiff appealed from the judgment of the latter court to this court. The return of the justice showed that the defendant was a common carrier of goods in a canal boat from Ithaca to New York city; that in November, 1858,

the plaintiff sent four firkins and one tub of butter by the defendant's boat from Ithaca to New York. A brother of the plaintiff was captain of the boat, and the plaintiff directed him " to sell the butter when he got in New York." The boat, with the butter in it, arrived at New York city Thursday night, between 12 o'clock and day-light. The defendant was there and directed the captain to tow the boat up to 26th street, East river, which was done about noon on Friday. Saturday morning the plaintiff's butter, with other butter, was taken out and put upon the deck of the boat ; and that day the captain sold two firkins and one tub of the plaintiff's butter, and the residue of the plaintiff's butter (two firkins) was last seen in the afternoon of that day, on the deck of the boat. Those two firkins were stolen from the deck of the boat that afternoon or evening. The captain gave up the charge of the boat to the defendant after it was towed up to 26th street, and one Crane had charge of the boat for the defendant at the time the plaintiff's two firkins of butter were stolen. It was for those two firkins that the plaintiff recovered his judgment before the justice.

*Samuel Love,* for the plaintiff.

*Dana, Beers & Howard,* for the defendant.

*By the Court,* BALCOM, P. J. The question to be determined in this case is whether the defendant's responsibility, as a common carrier, for the butter in question, had ceased when it was stolen from the boat. I am of the opinion it had. I think the butter was in the custody and under the control of the plaintiff's consignee, after the boat was towed to 26th street, East river. All of the plaintiff's butter was there taken out of the inside of the boat and placed on the deck. The consignee had then ceased to be captain of the boat, but was present and soon sold one tub and two firkins of the butter, and delivered the same to the purchaser. When he left

Labar *v.* Taber.

the other two firkins on the deck of the boat, without directing what should be done with them, the defendant ceased to be answerable therefor, except as a warehouseman. He had discharged every duty he owed the plaintiff as a common carrier, in regard to the butter. The plaintiff's consignee made the defendant's boat a warehouse for the butter in question, when he left the deck of the boat. He had the opportunity and an abundance of time to remove it, and did not request that it be put back into the boat or taken to any other place. The case is the same as if it had been proved that the defendant said to the consignee of the butter, after the boat was fastened at the foot of 26th street, "here is the plaintiff's butter; what shall I do with it?" and the consignee had answered, "put it out upon the deck of the boat," before the same was placed there; and that after the consignee had sold and delivered the tub and two firkins of it, the defendant had asked him "what shall I do with the residue of this butter?" and the consignee had answered, "let it remain where it is, I may sell it before night," and then left. It seems to me to be very clear that the defendant did acts tantamount to an actual delivery of all the plaintiff's butter to his consignee at the foot of 26th street, before the two firkins in question were stolen. I am therefore of the opinion that the Tompkins county court did right in reversing the judgment of the justice. It follows that the judgment of the county court should be affirmed with costs.

Decision accordingly

[BROOME GENERAL TERM, November 19, 1861. *Balcom, Campbell* and *Parker,* Justices.]